IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH BEAN, #1141587 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv511 |
| LESLIE LUCAS, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Joseph Bean, a prisoner previously confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

### Facts of the Case

The original complaint was filed on December 29, 2008. On June 25, 2009, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. On July 1, 2009, the Court issued a Memorandum Opinion and Order of Partial Dismissal (docket entry #19), which permitted the Plaintiff to proceed with his excessive use of force claim against Officer Leslie Lucas. The Court noted that the issue of whether he sustained more than a *de minimis* injury was not fully developed during the hearing. Nonetheless, he was given a benefit of a doubt and permitted to proceed with the claim.

A status conference was conducted on January 28, 2010. The Plaintiff provided extensive testimony about the facts surrounding his claim against Officer Lucas. The incident occurred on

1

June 24, 2008. The Plaintiff was classified as a general population inmate at the time. The Plaintiff had a confrontation with an officer, which resulted in several officers arriving on the scene, including Officer Lucas. Officer Lucas screamed at him and grabbed property papers out of his shirt pocket. In the process, her knuckles or a ring struck him in the chest. The Plaintiff complained about her actions, and the other officers on the scene downplayed her actions. He was not given a physical examination. He went to his cell and felt pain in his chest. He saw a bruise on his chest and a small blood stain. The Plaintiff testified that he did not know whether her ring struck him. Still, something cut him. He tried to go to the infirmary, but officers would not let him go there as a walk-in. He was finally able to go to the infirmary three days later. Medical personnel did not see anything. He never received medical treatment since there was nothing to treat. The Plaintiff testified that he could not say whether the Defendant intended to strike him. He added that he did not know what she intended.

Defendant's Motion for Summary Judgment

The Defendant filed a motion for summary judgment (docket entry #52) on February 12, 2010. In support of the motion, she cited the Plaintiff's grievances about the incident, along with a DVD recording of the *Spears* hearing and a CD of the status conference. The Defendant noted that the Plaintiff's Step 1 grievance alleged that she "made inappropriate contact with offender by reaching in his shirt pocket grabbing property slips an[d] tearing them up," as well as used profanity. The Office of the Inspector General chose not to initiate an investigation after reviewing the Plaintiff's claims. The Defendant noted that the Plaintiff clarified the nature of his injury at the status conference as a light scratch.

The Defendant initially argued that the excessive use of force claim should be dismissed for failure to exhaust pursuant to 42 U.S.C. § 1997e(a). She noted that the Plaintiff never alleged in the grievance documents that he was the victim of excessive use of force; instead, he alleged that there was an inappropriate touching.

The Defendant next alleged that whatever actions may be attributed to her, she did not engaged in acts that could be characterized as cruel and unusual punishment in violation of the Eighth Amendment. Her actions did not amount to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651 (1977)). She noted that her intentions were to retrieve the Plaintiff's property slips, as opposed to inflicting him with unnecessary and wanton pain. She also argued that the Plaintiff's injury was clearly *de minimis*. She thus argued that she did not subject the Plaintiff to excessive use of force and that her motion for summary judgment should be granted.

### Plaintiff's Response

The Plaintiff filed a response to the motion for summary judgment (docket entry #54) on February 26, 2010. He initially noted that the medical records were not produced in order for a determination to be made whether he was the victim of excessive use of force. He argued that the Defendant is not entitled to summary judgment because her motion was not sufficiently documented. The Plaintiff went on to downplay the argument that he had only grieved an inappropriate touching, as opposed to excessive use of force, and thus did not exhaust his administrative remedies. He stressed that he is not a lawyer and could not possibly know what language to use to more clearly state his claim. He further argued that counsel substitute Hawkins did not follow proper procedure in exhausting his claims and thereby hindered his ability to meet the precondition of filing a lawsuit

by exhausting his administrative remedies. The Plaintiff thus concluded his response by arguing that the Defendant was not entitled to summary judgment and that the case should proceed to trial.

## Defendant's Reply

The Defendant filed a reply (docket entry #56) on March 1, 2010. She also filed a motion for leave to file sealed documents (docket entry #57), along with the Plaintiff's medical records. She argued that it does not take special knowledge to explicitly state a claim that she injured the Plaintiff. She reiterated that he never asserted in his grievances that she subjected him to excessive use of force. She finally cited the medical records for the proposition there is nothing in the record that showed he received any injuries during the incident. She stressed that the Plaintiff acknowledged during the status conference that he did not receive medical care for his alleged injury. She finally noted that counsel substitutes are involved only in disciplinary proceedings and played no role in the grievance process. She again argued that the lawsuit should be dismissed.

## Discussion and Analysis

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

The issue before the Court is whether the Plaintiff should be permitted to proceed to trial on his excessive use of force claim. The Supreme Court has emphasized that the core judicial inquiry

in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id.*

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. at 9-10.

On remand in *Hudson*, the Fifth Circuit concluded that the following factors are relevant in the inquiry whether there was an excessive use of force: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used;

6

4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). *See also Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

The first issue raised by the Defendant in the motion for summary judgment is whether the lawsuit should be dismissed for failure to exhaust administrative remedies because the Plaintiff only used the words inappropriate contact, as opposed to excessive use of force. The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court subsequently reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id.* at 83. The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock*, 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Fifth Circuit has noted that the purpose of the exhaustion requirement is to provide administrators with a fair opportunity to address a problem that will later form the basis of a lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). The grievances need not be as explicit as one would expect from a lawyer. *Id.* at 518.

In the present case, the Plaintiff filed Step 1 and Step 2 grievances. He used the words "inappropriate contact," as opposed to excessive use of force. The grievances placed officials on notice of a problem. In *Hudson*, the Supreme Court stated "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. The flip side of the statement is that there are malevolent touches that will rise to a federal cause of action. The Plaintiff's Step 1 and Step 2 grievances placed prison officials on notice that he was complaining about an inappropriate touching. It served the purpose of giving prison administrators a fair opportunity to address the problem that would later form the basis of this lawsuit. The Office of the Inspector General concluded that an investigation was not warranted. Nonetheless, the Plaintiff's grievances served the purpose of the exhaustion requirement. The question of whether the alleged inappropriate contact in this case rose to the level of a federal cause of action is the issue remaining before the Court. The Court is of the opinion that the Defendant's argument that the lawsuit should be dismissed for failure to exhaust administrative remedies was properly raised but ultimately lacks merit.

The dispositive issue is whether the contact in this case was of a type that was "repugnant to the conscience of mankind." *Id.* at 10. The Defendant argued that it was *de minimis*. The Fifth Circuit has repeatedly emphasized that an inmate must have suffered more than a *de minimis* physical injury. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). There must always be some injury, albeit insignificant. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). In *Siglar v. Hightower*, 112 F.3d 191, 194 (5th Cir. 1997), the Fifth Circuit held that a sore, bruised ear lasting for three days that resulted from an officer twisting the inmate's ear was *de minimis* and insufficient

to provide a basis for a meritorious civil rights lawsuit. In *Gomez v. Chandler*, 163 F.3d at 924-25, the Fifth Circuit held that injuries consisting of pain and "cuts, scrapes, contusions to the face, head and body" that resulted from an inmate being knocked down, punched and kicked and that required medical treatment were more than *de minimis*. The Fifth Circuit also noted that even though there must be more than a *de minimis* physical injury, "there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Id.* at 924.

The Fifth Circuit has additionally held that the question of whether the force used was more than *de minimis* must be evaluated in the context in which the force was deployed. In *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996), the Fifth Circuit explained that the amount of injury necessary to satisfy the requirement of some injury and to establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances. In *Williams v. Bramer*, 180 F.3d 703, 704 (5th Cir. 1999), the Fifth Circuit held that what constitutes an injury is subjective and defined entirely by the context in which the injury arises. Two chokings occurred in *Williams*. The first choking occurred when an officer attempted to search the plaintiff's mouth, which resulted in fleeting dizziness, temporary loss of breath and coughing. The Fifth Circuit held that the use of force did not rise to the level of a constitutional violation under the circumstances. *Id.* at 704. The second choking was the product of a malicious choking. The plaintiff again suffered dizziness, coughing, and a loss of breath. The Fifth Circuit held that the injuries, although the same as before, qualified as a cognizable injury since the officer's actions were the product of maliciousness, as opposed to a legitimate search. *Id.* The Fifth Circuit specifically noted that it was required to accept the plaintiff's version of events as true for purposes of summary judgment. *Id.*

9

In the present case, the Plaintiff's injuries were akin to those in *Siglar*. He had a bruise and a small scratch or cut. When he was examined for the first time three days later, medical personnel did not observe anything to treat. Nonetheless, a determination concerning whether the injury was *de minimis* must be evaluated in the context of the touching. The Defendant touched him while grabbing his property papers in his shirt pocket. The actions attributed to her do not show that she engaged in actions to maliciously and sadistically cause harm to the Plaintiff. Stated differently, the Plaintiff has not shown that there was a "unnecessary and wanton infliction of pain." The facts attributed to the Defendant do not show a culpable state of mind. Under these circumstances, the Plaintiff's injuries were *de minimis*. The Plaintiff has not shown that there are genuine issues of material fact necessitating a trial. Instead, when the facts are viewed in a light most favorable to the Plaintiff, such facts do not support a conclusion that he was the victim of excessive use of force. The facts as attributed to the Defendant do not rise to the level of a federal cause of action. At most, the facts may support a state claim for assault, but nothing more. The Defendant is entitled to summary judgment. It is therefore

**ORDERED** that the Defendant's motion for leave to file sealed documents (docket entry #57) is **GRANTED**. It is further

**ORDERED** that the Defendant's motion for summary judgment (docket entry #52) is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

Finally, the Court expresses its appreciation to Brent Gimble for the representation he has provided to the Plaintiff in this case. He has fulfilled the terms of his appointment. It is therefore

**ORDERED** that the order appointing Brent Gimble to represent the Plaintiff is **WITHDRAWN** and his services are no longer needed.

So **ORDERED** and **SIGNED** this **3** day of **March, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE