IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH BEAN, #1141587 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv511 |
| LESLIE LUCAS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Bean, a prisoner previously confined at the Coffield Unit and presently confined at the Estelle Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Plaintiff now moves for an order to his prison unit, which the Court construes as a motion for a temporary restraining order and/or preliminary injunction, enjoining the unit to release a prisoner trust account data sheet or, alternatively, to transfer him to a unit that will comply with the injunction (docket entry #75). For the reasons stated below, the motion will be denied.

**I.      Procedural History**

Plaintiff filed his complaint on December 29, 2008. On April 27, 2009, the parties consented to the undersigned's jurisdiction in all matters. On June 25, 2009, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. On July 1, 2009, the Court issued a Memorandum Opinion and Order

1

of Partial Dismissal (docket entry #19), which permitted the Plaintiff to proceed with his excessive use of force claim against Officer Leslie Lucas. However, on March 3, 2010, the Court granted Defendant Lucas's motion for summary judgment and dismissed Plaintiff's case with prejudice.

Plaintiff then filed a notice of appeal of the Court's Memorandum Opinion and Order and Final Judgment. On May 17, 2010, Plaintiff-Appellant filed a motion for leave to proceed *in forma pauperis* on appeal. On July 30, 2010, the Court issued an Order of Deficiency as to the *in forma pauperis* motion, directing Plaintiff-Appellant to file a new *in forma pauperis* application with a prisoner trust fund data sheet within 30 days. The order placed Plaintiff-Appellant on notice that failure to file within 30 days would lead to dismissal of his appeal. He acknowledged that order on August 9, 2010.

However, Plaintiff-Appellant did not file a new motion with data sheet, nor anything else with this Court. A review of the United States Court of Appeals for the Fifth Circuit's docket reveals that he did not file anything with that Court, either, until his instant motion. On September 20, 2010, the Fifth Circuit issued an order dismissing Plaintiff-Appellant's appeal pursuant to Fifth Circuit Rule 42 for failure to pay the docketing fee.

On October 1, 2010, Plaintiff-Appellant filed his instant motion for injunctive relief in this Court. He concurrently filed a document entitled "Motion the Court for Hearing an Order" in the Fifth Circuit. However, the Fifth Circuit Clerk's docketing note stated, "No action will be taken on the 'Motion the Court for Hearing an Order' received from Appellant Mr. Joseph L. Bean in which he asserts that the prison will not provide him with a trust fund account statement to give to the [District Court] for use in ruling on a motion for [*in forma pauperis* status]."

**II.      Discussion and Analysis**

The Plaintiff-Appellant's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a temporary restraining order and/or preliminary injunction are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Affiliated Prof'l Home Health Care Agency v. Shalla*, 164 F.3d 282, 285 (5th Cir. 1999) (*per curiam*); *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984) (*per curiam*). Since a temporary restraining order and/or preliminary injunction is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Here, first, Plaintiff-Appellant did not discuss nor clearly demonstrate that he will prevail in the claims contained in his appeal. In fact, he does not address this point at all. Second, he has not enunciated the irreparable injury he would suffer if injunctive relief is not granted. While the Court

can easily discern that denial of the request for an order to the confinement unit may result in no data sheet being produced by that unit, nonetheless, Plaintiff-Appellant has not explained in any way his attempts to obtain a data sheet, why the unit will not produce one as he claims, or even why he did not seek relief from this Court before the time expired for him to file a new *in forma pauperis* application on appeal, as ordered. In fact, his failure to do any of these things suggest a dilatory approach to his appeal. Further, there is nothing in the Fifth Circuit's order dismissing Plaintiff-Appellant's appeal nor in that Court's docketing notes indicating that his appeal could be "reinstated" with a data sheet, as he claims. Third, he did not clearly prove that the threatened injury outweighs the harm of an injunction. In fact, he does not address this point at all. Without explaining either his attempts to obtain a data sheet from his unit or the apparent reasons why the unit allegedly would not produce one, the Court cannot evaluate whether the requested injunctive relief would harm the Estelle Unit and its staff. Finally, Plaintiff-Appellant did not clearly prove that the injunction would not disserve the public interest. Again, he does not even mention this issue. He has failed to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order or preliminary injunction. Moreover, the Fifth Circuit has dismissed his appeal; Plaintiff-Appellant should continue to address his attempts to seek relief to that Court.

### III. Conclusion

For the reasons stated herein, it is hereby

**ORDERED** that Plaintiff-Appellant's motion for an order to his prison unit, which the Court

construes as a motion for a temporary restraining order and/or preliminary injunction, enjoining the unit to release a prisoner trust account data sheet or, alternatively, to transfer him to a unit that will comply with the injunction (docket entry #75) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **October, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE